IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA

v.                                                      NO. 14-CR-10272-FDS

ANTHONY TROTMAN

**DEFENDANT'S SENTENCING REPLY MEMORANDUM**

Defendant Anthony Trotman submits this response to the Government's Sentencing Memorandum, in particular to the Government's assertion that, "TROTMAN's requested sentence is also lower than the sentence imposed on his co-defendant, Rupert Crossley, who received a sentence of 24 months *for the exact same crimes* that TROTMAN was charged with and pled guilty to." (emphasis added).

Mr. Crossley's guideline sentencing range was 57 to 71 months, based on a total offense level of 25 and Criminal History Category I. Mr. Trotman's GSR is 46 to 57 months, based on a total offense level of 23 and Criminal History Category I. The difference in offense levels is based on the difference in the amounts of money that they are "responsible" for. Trotman for $175,000; Crossley for over twice that amount, $367,000.

The fact that the Government fails to mention this difference, and asserts that what the two men did was exactly the same and deserves the same punishment, suggests that the Government agrees with a point the defendant made in his Sentencing Memorandum, (though the defendant has no expectation that the Government would ever admit this). The offense level bump based on the amount of make-believe drug money is unwarranted. In a case where the laundered money, or the drug proceed money, is real, then the amount of the money has a real world relationship to the crime and culpability. But here, the amount of money at issue has no

connection to the wrongdoing of the defendants; it is solely the product of Government whim. The fact that the Government now urges that what Trotman did is exactly the same as what Crossley did – ignoring an additional two offense levels and nearly $200,000 in additional 'laundered' money, admits as much.

Crossley's 24-month sentence was 42% of the 57 month low-end of his GSR. If the Government really believes that the offense level enhancements based on the amount of make-believe drug money are warranted, then it should be arguing that the same 42% should be applied to Trotman's low-end of 46 months, resulting in a sentence of 19 months. Instead, the Government contends that the differences in offense level and dollars don't really matter.

Mr. Trotman is not going to change his argument in the face of the Government's inconsistency. Mr. Trotman gets a 10 level bump based on the amount of money fabricated by the Government. The defendant urges that the Court's response should not be, as the Government argues, to ignore the difference between Trotman's $175,000 and Crossley's $367,000. Nor is the appropriate response to apply the same 42% reduction to their respective GSRs -- though this would be consistent with the Government's argument against disparities. Rather, the appropriate response is for this Court to avoid the enhancement for the fabricated cash altogether. Subtract the 10 level enhancement for the amount of money and Mr. Trotman's offense level would be 13, with a GSR of 12 – 18 months.

> Anthony Trotman
> By his Attorney,
>
> /s/ *Keith Halpern*
> Keith Halpern
> BBO # 545282
> 572 Washington Street, Suite 19
> Wellesley, MA 02482
> (617) 722-9952

CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on January 28, 2015.

/s/ *Keith Halpern*